Argued August 20, remanded October 29, 1979

NELSON,
*Petitioner,*
*v.*
ADULT AND FAMILY
SERVICES DIVISION,
*Respondents.*

(No. 2-3302-EUC678-7, CA 14279)

601 P2d 899

Christopher Cadin, The Dalles, argued the cause for petitioner. With him on the brief was Brien Hildebrand, Paralegal, The Dalles.

Karen H. Green, Assistant Attorney General, Salem, argued the cause for respondent. With her on

the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Before Joseph, Presiding Judge, and Lee and Richardson, Judges.

JOSEPH, P.J.

**JOSEPH, P.J.**

Petitioner has petitioned for judicial review of an order of the Adult and Family Services Division (AFS) holding that her application for Aid to Dependent Children (ADC) benefits was properly denied because of her failure to sign an assignment of support rights contained in AFS form 415S.

Review of an order in a contested agency hearing[1] is limited by statute. ORS 183.482(8) provides that we may reverse or remand only if we find:

"(a) The order to be unlawful in substance or procedure, but error in procedure shall not be cause for reversal or remand unless the court shall find that substantial rights of the petitioner were prejudiced thereby; or

"(b) The statute, rule or order to be unconstitutional; or

"(c) The rule which the order enforces or upon which the order is based or dependent, is invalid under the provisions of subsection (3) of ORS 183.400; or

"(d) The order is not supported by substantial evidence in the whole record."

The order is challenged on two grounds. First, petitioner alleges that it was not supported by substantial evidence. She claims that her submission of a revised AFS assignment form constituted a valid assignment of her support rights and that she was thereby made eligible for assistance. Second, petitioner alleges that the order was unlawful in substance in that the AFS support assignment form which she refused to sign

---

[1] ORS 411.095 provides:

"(1) Where the Adult and Family Services Division conducts a hearing pursuant to ORS chapter 416 or the Adult and Family Services Division proposes to refuse, suspend or revoke a grant of general assistance as defined in subsection (4) of ORS 411.010 or a grant of public assistance as defined in subsection (5) of ORS 411.010 opportunity for hearing shall be accorded as provided in ORS 183.310 to 183.500.

"* * * * *"

[867]

violated AFS administrative rules. For reasons pointed out *infra,* note 4, only the second challenge is properly before us.

Petitioner's former husband was obligated under a dissolution decree to pay child support for two children. He was delinquent in that regard. On September 28, 1978, petitioner applied to receive ADC benefits for herself and her children on the basis of the absence of the children's father. She was interviewed by an AFS caseworker on October 10, 1978, and submitted the necessary application forms. She had completed all the forms, except that she refused to sign AFS form 415S by which an applicant assigns court ordered child support to AFS to reimburse assistance to be received.

Petitioner indicated to the caseworker that she was hesitant to sign the support assignment form because she did not understand it. She said that she was concerned about the meaning of the language "past, present, and future" to describe the assignment of her child support payments to AFS. The form provided:

"I understand that as a condition of eligibility for assistance I must assign to AFS my right to receive support (past, present and future) for persons for whom I receive assistance. I understand that when my grant closes, AFS will retain the right to support payments already due until assistance provided by AFS has been repaid."

The caseworker was unable to explain the meaning of the language to her, and petitioner refused to sign the form as written. She asked the caseworker to "hold" the application and assignment form for a few days. Petitioner was told that her application would be denied if she did not sign the form.

Sometime after the interview, petitioner contacted counsel and inquired about the meaning of the support assignment language. Her representatives contacted the caseworker, who again stated that she was unsure of the meaning of the language and had had no training concerning it. There was additional correspond-

ence between counsel and AFS seeking clarification of the form's language. On October 26, 1978, petitioner received notice[2] that her application for assistance was denied because of her failure to sign the assignment form and because she had not had further contact with AFS since filing her application.[3] The caseworker testified that petitioner was otherwise qualified for public assistance.[4]

The hearings officer concluded that the AFS caseworker had properly sent the denial notice to petitioner.[5] His order concluded that a signed assignment form, even if "ambiguous or imperfect," is a condition precedent for eligibility for assistance grants.

The only issue before us is petitioner's claim that the order was unlawful in substance because the language "past, present and future" erroneously interpreted the statutes and administrative rules governing the assignment of support rights. Specifically,

[2] OAR 461.03-075:

"Eligibility for an assistance payment shall be determined and a check, vendor payment, or denial notice shall be issued within 30 days from the date of the request for OAA, AB, ADC, or GA, or within 60 days from the date of the request for AD, except where:

"(1) the client or his physician has failed to provide information essential to the eligibility determination; or

"(2) delay results from circumstances within the applicant's control or from other reasons not subject to control by the agency."

[3] Petitioner's failure to recontact AFS was not an issue at the hearing.

[4] In December, 1978, petitioner submitted to AFS a revised AFS form 415S on which she had crossed out the agency assignment language and had drafted on the reverse side some substitute assignment language. In her brief she argues under her first assignment of error that the submission of the revised form constituted compliance with the assignment requirement and that, therefore, she was eligible for benefits. At the hearing and in written argument after the hearing counsel took precisely the opposite position, first in resisting receipt of the revised form as an exhibit and then in insisting that the only issue was the propriety of the denial of the application in October. We will therefore not pass on the point.

[5] The denial notice was amended at the outset of the hearing insofar as it denied assistance to petitioner's children.

[869]

petitioner claims that the terms of the form imply that when her assistance grant would be closed, AFS would continue to collect all of her court ordered child support payments until the assistance provided was reimbursed, even though the statutes and rules provide only for the assignment to operate in limited ways after the termination of her assistance grant. *See Medsker v. Adult and Family Services,* 42 Or App 769, 601 P2d 865 (1979). Thus, she claims that the order is unlawful in substance in that it contravenes the administrative rules by requiring the assignment of support rights as contained in form 415S beyond the scope of the applicable law.

We have previously defined "unlawful in substance" as meaning that "[the order] incorrectly construes or applies the regulatory statute involved." *U.S. Soil v. Dept. of Agriculture,* 25 Or App 315, 548 P2d 1338, *rev'd on other grounds,* 276 Or 377, 554 P2d 1008 (1976).

The federal (42 USC § 602(a)(26)(A)) and state statutes governing AFS and ADC programs require the assignment of support rights as a condition of eligibility. *See* CFR § 232.11. ORS 418.042 provides:

"Aid, as defined in subsection (2) of ORS 418.035, shall not be granted to, or on behalf of, any applicant or recipient for as long as the applicant or recipient refuses to assign to the Department of Human Resources any rights to support from any other person such applicant may have in his own behalf or in behalf of any other family member for whom the applicant is applying for or receiving aid, *and which have accrued at any time such assignment is executed.\*\*\*"* (Emphasis added.)

During the time assistance is received, AFS has the right to court ordered child support. OAR 461-05-435; AFS Policy Manual II-II-I-3; ORS 23.765. On termination of the assistance grant, AFS retains for a limited period of time the right to collect the obligor's support payments and to a limited extent to retain funds to reimburse the state for public assistance already paid.

[870]

42 USC § 657(c).[6] The distribution of support payments collected following termination is governed by OAR 461-35-003:

> "When a family receiving public assistance terminates its grant, child support will be distributed in the following sequence:
>
> "(1)   The court ordered amount due for the current month will be paid to the obligee.
>
> "(2)   Arrears accrued since the most recent closure of the public assistance grant will be paid to the obligee.
>
> "(3)   Unreimbursed assistance collectible from the remaining arrearage will be paid to the Department of Human Resources.
>
> "(4)   Remainder will be paid to the obligee."

The AFS form involved here on its face required the assignment of past, present and future support payments. The language erroneously suggested that the assignment of support rights would have given AFS greater rights than it was entitled to by the administrative rule.

The relationship between the obligee-recipient and AFS is that of assignor and assignee. *Gibson v. Johnson,* 35 Or App 493, 582 P2d 452, *rev den* 284 Or 521 (1978). An assignment operates to transfer to the state for collection whatever rights the assignor had in the support rights against the obligor during that period of time. *See Medsker v. AFS, supra.* But it does not operate in the generalized way the form described it.

■■ The order conditioning the eligibility for assistance on the assignment of support rights which are not required to be assigned by statutory authority is unlawful in substance. The assignment form either did not accurately reflect the legal relationship it was intended to create or was so ambiguous as to be meaningless. "The elementary proposition that an agency must follow its own rules requires no citation

---

[6] *See also* CFR § 302.51(f).

or authority." *Moore v. OSP,* 16 Or App 536, 537, 519 P2d 389 (1974).[7]

Remanded.

---

[7] Petitioner also contended that the order was unlawful in substance because the assignment form and process was not explained to her, which would be a violation of OAR 461-03-060. The hearing officer concluded and we agree that petitioner could have received an explanation of the application procedure prior to the date of the denial but failed to do so by reason of her own delay.